IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,
               Plaintiff,

    vs.

GUADALUPE CHAIREZ-DE LA ROSA,
               Defendant.

CASE NO: **4:15CR3006**

**DETENTION ORDER**

The defendant poses a serious risk of flight if released.  On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f).  The court concludes the defendant must be detained pending trial.

Based on the evidence presented and information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

Specifically, the court finds that the defendant has a criminal record which indicates a propensity to violate the law and court orders; is not a United States citizen and could flee the country before trial; and has failed to appear for court proceedings in the past.  The defendant possessed multiple identification documents and passports at the time of her arrest, indicating she is using the identity of others and poses the risk of substantial financial and emotional harm to others, and of flight under an assumed name, if released.

In addition, either the defendant, the proposed third party custodian, or both, was not truthful with the court about their living arrangements.  The proposed third party custodian's assurances that he would report any violation of release conditions to the court was not credible; particularly since he was unwilling to explain the residence discrepancy to the pretrial services officer when directed not to do so by another female; he claimed he did not know the names of the defendant's brother and sister on cross-examination and was then able to confirm all their names on re-direct; and while in response to the government's questioning, he stated he did not know if the defendant's brother still lived in the defendant's house (indicating the third party custodian, himself, was not living in that house), but on redirect, stated the brother was not living in the defendant's house.

The credibility issues raised before the court not only buttress the court's finding that the defendant poses a risk of harm and flight if released, but they also indicate the defendant and the proposed third party custodian are willing to be less than forthright with the court and pretrial services which, in turn, poses a substantial risk of noncompliance with supervision.

As such, conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others

currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated January 23, 2015

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge